IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV161

| | | |
|---|---|---|
| JENNIFER DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIAM WRIGHT, individually and in his official capacity as a law enforcement officer for and as an agent of The Town of Pineville, THE TOWN OF PINEVILLE, a municipal corporation, WILLIAM C. ROPER, individually and in his official capacity as a law enforcement officer for and as an agent of The Town of Cornelius, THE TOWN OF CORNELIUS, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This matter is fully briefed and ripe for disposition.

**Factual Background**

This lawsuit arises out of Plaintiff's arrest in June of 2011 by Defendant Officer William Wright after she failed a field sobriety test at a driver checkpoint in the Town of Cornelius. The checkpoint was being operated by officers from several departments, including the Cornelius Police Department and the Pineville Police Department. The Officer in charge of the checkpoint was Cornelius Sgt. William Roper.

1

After failing the field sobriety tests, Plaintiff was taken to a Breath Alcohol Testing Mobile Unit ("BAT Mobile") for breath testing of her blood alcohol content ("BAC"). Before entering the BAT Mobile, Plaintiff told Wright she suffered from chronic urinary tract infections, a condition called Cystitis, and said she needed to urinate. Wright allegedly told her the lavatory inside the BAT Mobile was reserved for staff only, as per a pre-shift briefing given by Sgt. Roper. Plaintiff alleges she made "approximately six requests to use the BAT Mobile bathroom," all of which Wright denied. (FAC, ¶ 49). After telling Wright she could not hold her urine any longer, and after he allegedly replied that she should "pee on herself" if she had to, Plaintiff "urinated on herself" while seated on the bench waiting for her turn on the breathalyzer. (FAC, ¶¶ 49-50). Plaintiff then sat in her urine soaked clothing until her BAC was tested. She blew a .17 and .16 BAC, following which Wright gave her a roll of paper towels and told her to wipe her urine off the floor. (FAC, ¶¶ 51-55).

In preparation for driving Plaintiff to the Mecklenburg County jail for booking, Officer Wright secured a "black plastic leaf bag" around her waist to prevent her wet clothing from contaminating the back seat of his patrol car. (FAC, ¶¶ 56-59). She alleges that while en route to the jail she asked Wright "to stop at a public restroom" because she had to urinate again, but he refused. (FAC, ¶ 61). Upon arrival at the jail, and facing a line of arrestees ahead of her, she twice again asked Wright to use a bathroom, whereupon he allegedly told her to "pee in the bag." (FAC, ¶¶ 62-65). Plaintiff did so, and after her urine pooled onto the floor, Wright directed her to a "jail custodian" who cleaned it up. (FAC, ¶¶ 66-69). The experience caused Plaintiff to cry, and she felt "humiliated and embarrassed." (FAC, ¶ 67).

The Amended Complaint sets forth the following five claims for relief:

1. Claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights.

2. Claim for violation of Plaintiff's "due process" rights under federal and state law.

3. Claim for "municipal liability" under federal and state law.

4. Claim for deprivation of liberty under Article I, Sections 1 and 19 of the North Carolina Constitution.

5. Claim for negligence against Officer Wright in his official capacity only.

Defendants have moved to dismiss each of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## Discussion

For a plaintiff to overcome a 12(b)(6) motion, the factual allegations of the complaint must state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim for relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, "unwarranted inferences, unreasonable conclusions, or arguments" cannot be considered plausible claims for relief. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009)). Finally, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet*, 591 F.3d at 255.

### A. Plaintiff's §1983 claim for violation of her Fourth Amendment rights:

Plaintiff alleges that her Fourth Amendment rights were violated by the actions of the Defendants. The Fourth Amendment governs the reasonableness of an arrest, including the use of force to effect the arrest. However, once the arrest has been completed and the arrestee is in police custody, the arrestee becomes a "pretrial detainee," drawing constitutional protection from

the due process guarantees of the Fourteenth Amendment, not the Fourth. *See, e.g., Robles v. Prince George's County*, 302 F.3d 262, 268 (4th Cir. 2002) ("Once the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply."). Since Plaintiff's requests to use the bathroom began after she was arrested and was about to enter the BAT Mobile for further processing, the alleged denial of those requests must be evaluated under the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment.

Plaintiff argues that because her arrest was made without a warrant, she remained protected by the Fourth Amendment until she was brought before a magistrate and formally charged. However, the Fourth Circuit has not made such a distinction, holding that it is a person's "status as an arrestee," not whether they have been formally charged, that completes the transition from Fourth Amendment to Fourteenth Amendment coverage. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) ("While she had not been formally charged, her status as an arrestee requires application of the Fourteenth Amendment to her claim. The district court erred in applying the Fourth Amendment.").

Accordingly, Fourth Circuit precedent compels the conclusion that Plaintiff was a "pretrial detainee" at the time of the alleged wrongdoing. Her constitutional protection was derived from the due process guarantees of the Fourteenth Amendment, not the Fourth. Thus, her first claim for relief must be dismissed.

**B. Violation of Due Process Rights under the Fourteenth Amendment:**

In Plaintiff's Second Claim for Relief, she alleges violation by Defendants of her federal and state due process rights. Defendants Wright and Roper argue that they are entitled dismissal of Plaintiff's federal claim on the basis of qualified immunity. "Police officers performing discretionary acts generally are granted a qualified immunity and are shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Robles*, 302 F.3d at 270.

Resolving the qualified immunity claims of government officials involves a two-pronged inquiry. The government official will be granted immunity unless the facts that a plaintiff has alleged or shown make out a violation of a constitutional right and the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

The Court will first address whether Plaintiff has alleged a violation of a constitutional right. In *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the Supreme Court held that a jail official does not act with "deliberate indifference" towards an inmate's needs "unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*." (emphasis added). Although *Farmer* arose under the Eighth Amendment because the plaintiff was a convicted prisoner, the Fourth Circuit has extended *Farmer*'s application to the claims of pretrial detainees such as Plaintiff herein. *See*, *e.g.*, *Brown v. Harris*, 240 F.3d 383, 388 n.6 (4th Cir. 2001) (under *Farmer v. Brennan* "the same 'deliberate indifference' standard applies to both inmates and pretrial detainees").

There is nothing in the First Amended Complaint to suggest that Wright "drew the inference" that Plaintiff would suffer "serious harm" if denied restroom access pending her use of the breathalyzer and subsequent transport to the county jail. *See also Cunningham v. Eyman*, 17 Fed.Appx. 449, 454 (7th Cir. 2001) (inmate failed to establish deliberate indifference based on allegations he urinated and defecated on himself due to officers' refusal to remove his restraints so he could use the toilet even though he was forced to remain in his soiled clothing for

four to five hours); *Jarrell v. Seal*, 2004 WL 241712 at *2 (E.D.La. 2004), *aff'd,* 110 Fed.Appx. 455 (5th Cir. 2004) (rejecting plaintiff's claim "that his rights were violated when he was not taken to the restroom during a court appearance, causing him to urinate on himself in public," even though deputy's refusal "was based on arguably inappropriate factors or was even negligent in light of plaintiff's medical condition," where there was no evidence the deputy acted with "deliberate indifference" through "an awareness that his action posed a substantial risk of serious harm and that he subjectively intended that harm occur"). While Plaintiff no doubt experienced discomfort and embarrassment upon urinating in her clothing, that does not equate with a violation of her substantive due process rights under the *Farmer v. Brennan* standard. *See also Young v. City of Mount Rainier*, 238 F.3d 567, 574 (4th Cir. 2001) ("Broadly speaking, the substantive due process provision of the Fourteenth Amendment protects against egregious, arbitrary governmental conduct. [citation] Only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment.").

Even if the Plaintiff was deprived of an actual constitutional right, Defendants Wright and Roper are still entitled to qualified immunity if the right was not clearly established at the time. *See Robles*, 302 F.3d at 270. Plaintiff asserts that she had a clearly established right to urinate in reasonable privacy during the arrest proceeding. In support of her argument that this right was clearly established, Plaintiff cites only district court decisions from outside the Fourth Circuit. For a right to be clearly established, there must be clear precedent from the Supreme Court or Fourth Circuit recognizing the right in the particular context presented. "[W]e have long held that it is case law from this Circuit and the Supreme Court that provide notice of whether a right is clearly established." *Lefemine v. Wideman*, 672 F.3d 292, 298 (4th Cir. 2012), *vacated on other grounds*, 133 S.Ct. 9 (2012). Since Fourth Circuit precedent did not "clearly proscribe"

6

Defendants' challenged conduct, they remain entitled to qualified immunity as a matter of law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (a government official is entitled to qualified immunity unless his conduct "was clearly proscribed" by preexisting law). Accordingly, as the Court finds that there was no violation of a clearly established right, Defendants Wright and Roper are entitled to qualified immunity as to this claim.

**C. Municipal liability:**

Plaintiff has alleged claims of municipal liability pursuant to 42 U.S.C. § 1983. It is well established that a local government can be held liable under 42 U.S.C. § 1983 for policies resulting in the deprivation of an individual's constitutional rights. *See Monell v. Dep't of Soc. Servs of New York*, 436 U.S. 658, 707 (1978). To prevail, a plaintiff must prove a policy, practice, or custom of the entity was a moving force behind a violation of constitutional rights. *Id.* at 694. As the Court has found no violation of constitutional rights, there can therefore be no municipal liability. *See Smith v. Atkins*, 777 F.Supp.2d 955, 966 (E.D.N.C. 2011) ("As for count three, because there is no underlying constitutional violation, plaintiffs' claim in count three concerning defendants' customs, policies, practices, procedure, and training fails.").

**D. State constitutional violation:**

Plaintiff next alleges that Defendants (in their official capacities) have violated her due process rights under the North Carolina constitution. North Carolina courts have interpreted the due process or "Law of the Land" clause of the state constitution synonymously with the Fourteenth Amendment's Due Process Clause. *See, e.g., Buchanan v. Hight*, 133 N.C.App. 299, 305 (1999) ("Art. I, section 19 of the North Carolina Constitution is commonly called the Law of the Land Clause and is considered the equivalent of the Due Process Clause of the United States Constitution."); *Frye v. Brunswick County Bd. of Educ.*, 612 F.Supp.2d 694, 705 (E.D.N.C.

7

2009) ("The North Carolina Supreme Court interprets North Carolina's law of the land clause and the federal due process clause synonymously."). As the Court has determined that there was no federal due process violation, there can likewise be no state due process violation. Accordingly, this claim must fail.

   E. **Negligence:**

Plaintiff's Fifth Claim for relief alleges negligence against Defendant Wright in his official capacity. Specifically, Plaintiff alleges that Officer Wright "breached his duty of reasonable care when he denied Plaintiff the right to urinate in reasonable privacy . . . ." (FAC, ¶ 102). However, there is no precedent under state law affording this right to arrestees during the period of arrest processing. Without an existing right, there can be no legal duty. And without legal duty, there can be no negligence. *Harris v. Daimler Chrysler Corp.*, 180 N.C.App. 551, 555, 638 S.E.2d 260, 265 (2006) ("If no duty exists, there logically can be neither breach of duty nor liability.") As here, where the Plaintiff's facts are taken as undisputed, "the issue of whether a duty exists is a question of law for the court." *Mozingo v. Pitt County Memorial Hosp., Inc.*, 101 N.C.App. 578, 588 (1991), aff'd, 331 N.C. 182 (1992). While Officer Wright certainly may be guilty of breaching the unwritten standards of human compassion and common decency, he cannot be said to have breached a recognizable duty of care.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED.

Signed:   October   21,

*Graham C. Mullen*

Graham C. Mullen
United States District Judge